AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br><br><br>Rocky Navarro<br>_Defendant(s)_ | ) ) ) ) ) ) ) ) | Case No.  2:26-MJ-115 |

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

JUN 2 2 2026

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __Jan. 7, 2026 and March 3, 2026__ in the county of _____Castro_____ in the

____Northern____ District of _____Texas_____ , the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| Title 21, United States Code,<br>Sections 841(a)(1) and 841(b)(1)(C) | Distribution and Possession with Intent to Distribute of Methamphetamine |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Fernando Burga. DEA SA
_Printed name and title_

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: __6/22/26__

_____
_Judge's signature_

City and state:          Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
_Printed name and title_

No. 2:26-MJ-115

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Fernando Burga, being sworn, depose and state as follows:

1)      I am a Special Agent (SA) with the Drug Enforcement Administration (DEA).

2)      I am assigned to the DEA's Amarillo Resident Office (ARO).  I was hired as a Special Agent with DEA in April 2023, and completed DEA Basic Agent Training Academy, located in Quantico, Virginia in August 2023.  In connection with my duties and responsibilities as a Special Agent, I have received extensive training in the field of narcotics trafficking investigations, including but not limited to, conducting surveillance, smuggling, undercover operations, methods of packaging, utilizing confidential sources, executing arrest and search warrants. Prior to my employment with the DEA, I was a police officer with the Punta Gorda Police Department for 6 years. During that time, as a Patrol Officer assigned to the canine unit. I made numerous narcotics related arrests and assisted in narcotics investigations.

3)      This affidavit is made in support of a complaint and arrest warrant for ROCKY NAVARRO. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4)      On or about January 7, 2026, DEA agents used a confidential source (CS1) to make a controlled phone call to Rocky NAVARRO, but NAVARRO did not answer. CS1 indicated that CS1 could show up to NAVARRO's residence located at 637 NW 6th St., Dimmitt, Texas, and that NAVARRO would not have an issue with it. Upon arriving at NAVARRO's residence, an older female answered the door and informed CS1 that NAVARRO was home and allowed CS1 into the residence. Once inside, NAVARRO emerged from a bedroom and greeted CS1. CS1 and NAVARRO then exited the residence and entered the CS1's vehicle. CS1 asked NAVARRO for three (3) ounces of methamphetamine. NAVARRO stated that NAVARRO had a quarter ounce and was waiting for NAVARRO's supplier to arrive with methamphetamine. NAVARRO ultimately agreed to sell CS1 a quarter of an ounce of methamphetamine. NAVARRO provided CS1 with a plastic baggie containing an off-white crystalline substance in exchange for $100 dollars in Official Advance Funds (OAF). The off-white crystalline substance was sent to the DEA South-Central lab for analysis, which tested positive for methamphetamine, with a substance purity of 92% and a net weight of 6.260 grams of methamphetamine.

5)      On March 3, 2026, agents met with a confidential source (CS2) at a predetermined location. CS2 advised that prior to the meeting CS2 had coordinated a purchase of an eight-ball of methamphetamine for $70 with NAVARRO. CS2 stated that CS2 just needed to show up to NAVARRO's residence located at 637 NW 6th St., Dimmitt, Texas.  An undercover (UC) drove CS2 to NAVARRO's residence located at 637 NW 6th St., Dimmitt, Texas. Upon arriving at NAVARRO's residence, CS2 knocked on the front door and entered the residence. Once inside, CS2 greeted an older female, walked over to a bedroom and knocked on the door. Momets later, NAVARRO opened the bedroom, greeted CS2, and walked back into the bedroom. Shortly thereafter, NAVARRO walked out of the bedroom and gave CS2 a plastic baggie containing an off-white crystalline substance in exchange for $80 dollars in OAF. The off-white crystalline substance was sent to the DEA South-Central lab for analysis, which tested positive for methamphetamine, with a substance purity of 97% and a net weight of 3.25 grams of methamphetamine.

Fernando Burga
DEA Special Agent

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 22ND day of _Jume_____, 2026.

Lee Ann Reno, U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

Anna Marie Bell
Assistant United States Attorney